## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

INTELIGENTRY, LTD., PLASMERG, INC.,
PTP LICENSING, LTD. and JOHN P. ROHNER,

        Defendants

Case No. 2:13-cv-00344GMN-NJK

### JOINT STIPULATED ORDER ENTERING PRELIMINARY
### INJUNCTION AND RELATED RELIEF

On March 7, 2013, the Plaintiff, the Securities and Exchange Commission ("the SEC" or "the Commission"), filed a Complaint against John P. Rohner ("Rohner"), Inteligentry, Ltd., PlasmERG, Inc., PTP Licensing, Ltd. (collectively "Defendants"), and moved, pursuant to Rule 65(1) of the Federal Rules of Civil Procedure, Section 20 of the Securities Act of 1933, 15 U.S.C. § 77t, and Section 21(d)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d)(1), that the Court enter a Preliminary Injunction against further violations of specified federal securities laws by the Defendants in this case.

The Court has reviewed the motion, memorandum, and supporting documents originally submitted by the Commission in support of its March 7, 2013 motions.  The Court has also reviewed the Defendants' answer and responses filed with the Court on March 12 and 13, 2013. Docket Nos. 28-32.  The Court has also reviewed the Joint Motion for Entry of a Preliminary Injunction filed by the SEC and Defendants in which they stipulate that a sufficient and proper showing, as required by Section 20 of the Securities Act of 1933 and Section 21(d) of the Securities Exchange has been made for the relief granted herein.

The Court finds:  (i) that this Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to Section 20(b) of the Securities Act  and Section 21(d) of the Exchange Act; and (ii) that, based on the documents submitted by the parties and the representations made in the Joint Motion, a sufficient and proper showing has been made for the relief granted herein, as required by Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

## I.

**THEREFORE IT IS HEREBY ORDERED** that the motion is **GRANTED;**

## II.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court, Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are prohibited from directly or indirectly participating in the issuance, offer, or sale of any security in an unregistered transaction; provided, however, that such injunction shall not prevent defendant Rohner from purchasing or selling securities listed on a national securities exchange.

## III.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court, defendants Rohner, Inteligentry and PlasmERG, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce or

2

of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the court, Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## V.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court,

defendant Rohner and his officers, agents, servants, employees, attorneys, and all persons in active

concert or participation with him who receive actual notice of this Order by personal service or

otherwise are restrained and enjoined from aiding and abetting any violation of Section 10(b) of the

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-

5], by knowingly or recklessly providing substantial assistance to another person that violates

Section 10(b) of the Exchange Act and Rule 10b-5 by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## VI.

**IT IS HEREBY FURTHER ORDERED** that, pending further order of the Court,

Defendants and their officers, agents, servants, employees, attorneys, and all persons in active

concert or participation with them who receive actual notice of this Order by personal service or

4

otherwise are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C.

§ 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to obtain money or property by means of any untrue statement of a material fact or

            any omission of a material fact necessary in order to make the statements made, in

            light of the circumstances under which they were made, not misleading; or

     (c)     to engage in any transaction, practice, or course of business which operates or

            would operate as a fraud or deceit upon the purchaser;

### VII.

**IT IS HEREBY FURTHER ORDERED** that, pending further order of the Court,

defendant Rohner and his agents, servants, employees, attorneys, and all persons in active concert

or participation with him who receive actual notice of this Order by personal service or otherwise

are restrained and enjoined from aiding and abetting any violation of Section 17(a) of the

Securities Act [15 U.S.C. § 77q(a)] by knowingly or recklessly providing substantial assistance to

another person that violates Section 17(a) of the Securities Act in the offer or sale of any security

by the use of any means or instruments of transportation or communication in interstate commerce

or by use of the mails, directly or indirectly:

     (a)     to employ any device, scheme, or artifice to defraud;

     (b)     to obtain money or property by means of any untrue statement of a material fact or

            any omission of a material fact necessary in order to make the statements made, in

            light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser;

## VIII.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court,

Defendants and their officers, agents, servants, employees, family members, attorneys, and those

persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise, and each of them, shall hold and retain within their control, and

otherwise prevent any direct or indirect withdrawal, disposition, sale, transfer, pledge,

hypothecation, changing, wasting, encumbrance, assignment, dissipation, conversion, concealment,

or other disposal whatsoever of any funds, assets, securities, or other real or personal property,

wherever located, of Defendants, and their subsidiaries and affiliates, whether owned by, controlled

by, managed by or in the possession or custody of any of them, including assets held in business,

corporate or partnership accounts in which defendants Rohner, Inteligentry, PlasmERG and  PTP

Licensing have an interest, except as otherwise ordered by the Court.  This Order expressly includes

a prohibition on opening or causing to be opened any safe deposit boxes titled in the name of, or

subject to access by, any Defendant;

## IX.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court, any

financial or brokerage institution or other person or entity holding or that has held at any time since

January 1, 2009 any funds or other assets, in the name, for the benefit or under the control of the

defendants Rohner, Inteligentry, PlasmERG and PTP Licensing, directly or indirectly, held jointly

or singly, and wherever located, and which receives actual notice of this Order by personal service

or otherwise, shall:

    (a)       Hold and retain within its control and prohibit defendants Rohner, Inteligentry,

PlasmERG and PTP Licensing  and all other persons from withdrawing, removing,

assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such account or asset except as directed by further Order of the Court;

(b) Deny defendants Rohner, Inteligentry, PlasmERG and PTP Licensing and all other persons access to any safe deposit box that is titled in the name of any Defendant either individually or jointly, or otherwise subject to access by any Defendants;

(c) Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

(d) The foregoing provisions of this Section apply to, but are not limited to, the following presently known bank accounts held at the following financial institutions:

  i.   White State Bank: account numbers ending in: 187; 495.

  ii.  Bank of the West: account numbers ending in: 2623; 8675; 7776; 1784; 1347; 8275.

  iii. Nevada State Bank: account numbers ending in: 5218; 5226; and 5390.

## X.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court, the foregoing provision of Section IX is subject to the following limited exceptions and conditions:

(a) All funds in Nevada State Bank account number(s) ending in 8256 and 9500 are not subject to the asset freeze set forth in this Section IX;

(b)     All moneys Rohner receives after the date of this Order as social security benefits deposited in Nevada State Bank account number ending in 8256 and 9500 are not subject to the freeze set forth in this Section IX; and

(c)     Within three calendar days of receiving an account statement from Nevada State Bank for account number(s) ending in 8256 and 9500, Rohner shall provide a copy to counsel for the Commission by express courier service, electronic mail, or telefax directed to Kenneth Guido, Esq., at the Securities and Exchange Commission, Mail Stop 5949, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4480), e-mail address nidok@sec.gov, or at telefax number (202) 772-9282.

## XI.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the Court, the Commission may file Notices of *Lis Pendens* on all pieces of real property in which the Defendants have an interest in order to put the public on notice that these properties have been implicated in litigation in this Court.  Should the Defendants wish to sell any piece of real property in which they have an interest, the Defendants shall give counsel for the Commission notice of the proposed sale and seek the concurrence of the Court in the transaction prior to its consummation.  The Defendants shall fully account for any proceeds received from the sale of such property to the Court and counsel for the Commission and the proceeds of such sales paid to the Defendants shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court; and the Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation.

## XII.

**IT IS HEREBY FURTHER ORDERED** that, pending further Order of the court, Defendants, their officers, agents, servants, employees, attorneys, accountants, depositories, banks,

8

financial or brokerage institutions, providers of any services related to computing resources, the internet or electronic communications (including providers of electronic hosting or storage and of internet-based audio, video and/or written communications), and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby restrained and restrained from, directly or indirectly, destroying, mutilating, altering, concealing, disposing of, transferring, or otherwise interfering in any manner with the Commission's access to any and all documents, books, records, correspondence, written communications, ledgers, accounts, statements, files, audio recordings, video recordings, and assets or other property of or pertaining to Defendants, the allegations of the Complaint, or any investment program, wherever located and in whatever form, electronic or otherwise.

## XIII.

**IT IS FURTHER ORDERED** that, pending further order of the court, within three calendar days following the service of this Order, each Defendant shall, to the extent not previously provided:

(a)      Provide the Commission with a verified, written accounting, signed by the Defendant under penalty of perjury, of all funds, assets and liabilities including:  all real and personal property exceeding $5,000 in value, located both within and outside the United States, which are held by such Defendant on their behalf, or under their direct or indirect control, whether jointly or singly, or in which they have an interest; all funds and assets that each Defendant received from its investors and the ultimate use or current location of those funds or assets.  The accountings shall include a description of the source(s) of all such assets; and all bank, securities, futures and other accounts controlled by Defendant, directly or indirectly, identified by institution, branch address and account name and number;

9

(b)     Provide the Commission access to all records of the held by financial institutions located both within and outside the territorial United States by signing a Consent to Release of Financial Records in the form directed by counsel for the Commission; and

(c)     Provide the Commission with a complete list of investors in the investment program alleged in the Complaint, including, without limitation, the names, addresses and telephone numbers of all persons who transferred funds to the Defendant, if any, from January 1, 2009 to the present, and the amounts received, and whether or not those investors have received funds from Defendants.  The accountings and investor list shall be filed with the Court and copies shall be delivered to Kenneth Guido, Esq.,  Securities and Exchange Commission, Mail Stop 5949, 100 F Street, N.E., Washington, D.C. 20549-5949 (telephone no. (202) 551-4480).  After submission of the accountings and investor list, Defendants shall each produce to the Commission, at a time and place agreeable to the Commission, all books, records and other documents called for in paragraph (b) above or that are supporting or underlying documents for their accountings.

## XIV.

**IT IS FURTHER ORDERED** that the entry of this Order is without prejudice to any party presenting such evidence at a future date and no allegation of fact is deemed finally resolved by institution of this Order except as to satisfaction that a prima facie case has been presented for entry of this Order.

## XV.

**IT IS FURTHER ORDERED** that the motion hearing presently scheduled for **Thursday, March 21, 2013 at the hour of 2:30 p.m. in Courtroom 7D** before the Honorable Gloria M. Navarro, United States District Judge, regarding the Ex Parte [3] Motion for Preliminary Injunction, is hereby **VACATED**.

10

## XVI.

**IT IS FURTHER ORDERED** that nothing in this Order shall prejudice the SEC against obtaining such further relief against the Defendants as it may find necessary due to discovery of additional facts in this litigation.

**STIPULATED AND AGREED TO:**

DATED: *March 18*, 2013          DATED: *Mar 18*, 2013

FOR DEFENDANTS:                   FOR PLAINTIFF:

John P. Rohner                    Kenneth Guido
Pro Se Defendant                  Attorney for Plaintiff
3087 E. Warm Springs, Suite 100   Securities and Exchange Commission
Las Vegas, NV 89120               100 F Street, N.E.
                                  Washington, D.C. 20549
John P. Rohner                    (202) 551-4480 (Guido)
President, Chief Executive Officer, Treasurer   (202) 772-9282 (Fax)
Inteligentry, Ltd.                guidok@sec.gov
3087 E. Warm Springs, Suite 100
Las Vegas, NV 89120

John P. Rohner
President, Chief Executive Officer, Treasurer
PlasmERG, Inc.
3087 E. Warm Springs, Suite 100
Las Vegas, NV 89120

John P. Rohner
President, Chief Executive Officer, Treasurer
PTP Licensing, Ltd.
3087 E. Warm Springs, Suite 100
Las Vegas, NV 89120

**IT IS SO ORDERED** this 18th day of March, 2013.

Gloria M. Navarro
United States District Judge