UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>INTELIGENTRY, LTD. PLASMERG, INC., )<br>PTP LICENSING, LTD. and JOHN P. ROHNER, )<br>)<br>Defendants. )<br>) | 2:13-cv-00344-GMN-NJK<br><br>**O R D E R** |

This matter came before the Court on Defendants' Motion to Release Confiscated and Removed Items (#44). The Court has considered Defendants' Motion to Release Confiscated and Removed Items (#44) and Plaintiff's Response (#55). The Defendants have not filed a Reply.

**BACKGROUND**

In the instant case, the Securities and Exchange Commission ("Plaintiff" or "SEC") is suing Inteligentry, Ltd., Plasmerg, Inc., PTP Licensing, Ltd. and John P. Rohner (collectively "Defendants") for violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Sections 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78 j(b) and Rule 10b-5 [17 § C.F.R. 240.10b-5]. *Complaint* at ¶ 8, *Dkt*. 1. The Defendants' Motion, however, seeks the return of property seized by an Agency who is not a party to the instant case.

//

//

1     On March 5, 2013, the Federal Bureau of Investigation ("FBI") executed a search warrant on Defendants' business location. According to Defendants, during this search, the FBI seized "[e]very single computer, server, laptop, and tablet, . . . every single **USB** flash drive, . . . nearly every written or hand written document and all of the Black Corporate books, even for the **unused** PlasmERG and PTP Licensing companies, [m]any paper files and every in process engine. . . ."[1] *Mot*. at 2, *Dkt*. 44. Shortly after the FBI executed the search warrant, all of Defendants' assets were frozen. *See Order, Dkt. 23; see also Order* at 6, *Dkt*. 34. As a result, according to Defendant Rohner, the Defendants have no money to pay for a licensed lawyer. Defendant Rohner is the main stockholder of the Defendant corporations Inteligentry, LTD., PlasmERG, Inc., and PTP Licensing, LTD. *Mot*. at 1, *Dkt*. 44. It appears from the briefing that in addition to representing himself, Mr. Rohner is attempting to represent all of the Defendant corporations; however, he is not a lawyer. *Answer* at 1, *Dkt*. 31.

In the current motion, the Defendants request:

1. "The release of all materials removed from Inteligentry, both personal items and Business items . . . ."

2. "A complete log of all who touched or studied the seized materials."

*Mot*. at 1, *Dkt*. 44.

## DISCUSSION

### I.     Defendant Corporations

Corporations are required to have licensed counsel when they appear in federal court. *Rowland v. California Men's, Unit II Advisory Council*, 506 U.S. 194, 202 (1993). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A § 1654 (West 2012). However, the courts agree that 28 U.S.C § 1654 "does not permit corporations . . . to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202; *see, e.g.*, *S.E.C. v Graham*, 2010 WL 2802733 (D. Nev. July 15,

---

[1] Defendant Rohner attached a list of the seized items to the end of his motion; however, it is unreadable. *Dkt*. 44 at 10-13.

- 2 -

1  2010). The law for almost "two centuries has been that a corporation may appear in the federal
2  courts only through licensed counsel." *Id*. Title 28 § 1654 is consistently interpreted as requiring
3  corporations to have licensed attorneys when they appear in federal court. *Alli v. United States*,
4  93 Fed. Cl. 172, 176 n. 7 (Fed. Cl. 2010)(citing 10 James Wm. Moore, Moore's Federal Practice
5  § 55.11 [2] [a] [v] (3d ed. 1997).

6       For example, in *Rowland*, a representative association of prisoners appeared in court and
7  moved to "proceed *in forma pauperis* under 28 U.S.C. § 1915(a)" because the representative
8  association was not allowed to maintain any funds. *Rowland*, 506 U.S. at 197. The Court denied
9  that motion in part due to the well-established precedent that a corporation, or any other artificial
10 entity, must appear in court through a licensed attorney. *Id*. at 199-202. Similarly, in *Alli*, a
11 default judgment was entered against the defendant corporation after three warnings and a delay
12 of three months because its owners, who were the only owners, could not find a licensed counsel
13 to represent the defendant corporation in federal court and were not allowed to represent the
14 corporation themselves. *Alli*, 93 Fed. Cl. at 175. The owners in that case could not find a lawyer
15 because they were unable to find one who was willing to take their case and they were
16 "unemployed and unable to afford counsel." *Id.* at n. 1. The court held that the restriction
17 requiring licensed corporate counsel applies even if "obtaining counsel presents a severe
18 financial hardship," *id*. at 174, or the individuals attempting to represent the corporation are its
19 president or major stockholders. *Id*. at 177.

20      Here, all corporate Defendants must have a licensed attorney to represent them in federal
21 court. *See Alli*, 93 Fed. Cl. at 175. Even though the Defendants claim they currently do not have
22 any financial resources because all of their assets are frozen, *see Order* at 6, *Dkt*. 34, there are no
23 exceptions to the corporate counsel requirement. *See Alli*, 93 Fed. Cl. at 176. The Court requires
24 licensed representation for corporations because an unlicensed party may not represent anyone
25 but himself, and a corporation is a separate entity. *See id*. Thus, like the owners in *Alli,* Rohner,
26 who is not a licensed attorney, cannot represent the Defendant corporations. *See id*. Accordingly,
27 this motion is denied as to the Defendant corporations because the *pro se* representative cannot
28 appear as counsel.

**II. John P. Rohner**

Unlike the Defendant corporations, Defendant Rohner may represent himself. *See* Title 28 § 1654; *see also Alli*, 93 Fed. Cl. at 175. However, the Court does not have equitable jurisdiction over his request. *See Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. Aug. 18, 1993).

"[D]istrict court[s] have the power to entertain motions to return property seized by the government when there are *no criminal proceedings pending against the movant.*" *Ramsden*, 2 F.3d at 324 (citing *United States v. Martinson*, 809 F.2d 1364, 1366-67)(9th Cir. 1987)(emphasis added). For example, in *Ramsden*, the plaintiff filed a 41(e) motion[2] to retrieve the property that was taken from him when he was arrested and his hotel room was illegally searched. *Id*. The court had equitable jurisdiction over the matter specifically because no criminal proceedings were pending against the movant/plaintiff when the motion was filed. *See id*. Similarly, in *Martinson*, the Ninth Circuit established its equitable jurisdiction by determining there were no criminal proceedings pending against the movant. *Martinson*, 809 F.2d at 1367; *see also In re Property Seized from Int'l Nutrition, Inc.*, 1994 WL 16483469 at *1 (finding that since there was no indictment or any other criminal proceeding pending, the Court was able to hear the case). Therefore, the Court cannot claim equitable jurisdiction when a criminal proceeding is pending against the movant when he files his motion. *See Ramsden*, 2 F.3d at 324.

In the present case, a criminal proceeding was pending before the current motion was filed. *See Order*, *Dkt.* 44. Thus, the Court does not have equitable jurisdiction.

**III. Wrong Party, Wrong Proceeding**

In any event, Defendant Rohner has moved for the return of property from the wrong party. The FBI, not the SEC, is the entity that seized and removed the items. The SEC and FBI are independent of each other and neither has control over the other. *See* 28 U.S.C.A § 501 (West 2012); *see also* 28 U.S.C.A § 531 (West 2012); *see also* 15 U.S.C.A § 78d (West 2012). The

---

[2] The 41(e) motion is now a 41(g) motion. *Compare Ramsden*, 2 F.3d at 324 (citing 41(e) of the Federal Rules of Criminal Procedure), *with United States v. Kriesel*, 11-30197, 2013 WL 3242293 (9th Cir. June 28, 2013)(citing 41(g) of the Federal Rules of Criminal Procedure for the same motion).

- 4 -

Defendant has neither shown, nor even attempted to show, that the SEC - the party from whom he moves the return of property in the instant case - was involved in the seizure of the property or has even had possession or control over the property in any way since the FBI seized it. Additionally, as stated above, the property was seized by the FBI pursuant to a criminal search warrant. 13-mj-00191-RAM. Nonetheless, the Defendant attempts to recover the property in this civil proceeding brought by the SEC, in which the FBI is not even a party. Quite simply, the Defendant sought the return of property from the wrong party in the wrong proceeding.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's Motion (#44) is DENIED.

DATED this 15th day of July, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge