UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INTELIGENTRY, LTD. PLASMERG, INC., ) <br> PTP LICENSING, LTD. and JOHN P. ROHNER, ) <br> ) <br> Defendants. ) <br> ) | 2:13-cv-00344-GMN-NJK <br><br> **O R D E R** |

Before the Court is the Defendant John Rohner's Motion to Quash Depositions Per Issuance of Subpoenas *Duces Tecum* (#84).[1] The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

In the instant case, the Securities and Exchange Commission ("SEC") is suing Inteligentry, Ltd., Plasmerg, Inc., PTP Licensing, Ltd. and John P. Rohner (collectively "Defendants") for violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Sections 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78 j(b) and Rule 10b-5 [17 § C.F.R. 240.10b-5]. *Complaint* at ¶ 8, *Dkt*. 1.

---

[1] To the extent that Rohner intended to file his motion on behalf of the corporation defendants, the former Inteligenty employees, investors or former investors of any of the corporations, it is denied. The corporation defendants are required to have licenced counsel. *See Rowland v. California Men's, Unit II Advisory Council*, 506 U.S. 194, 202 (1993); *see also* Docket No. 87 at 2-3 (Court explained Rohner cannot represent corporate defendants). Former Inteligenty employees, investors or former investors of any of the corporations are not parties to this case and, additionally, Rohner cannot appear *pro se* on behalf of other individuals.

1    Defendant Rohner filed the present motion on July 12, 2013, seeking a court order
2 quashing a subpoena. Docket No. 84. He also requests that the Court order the SEC to produce
3 information which supports a statement it published on its website, and to simultaneously
4 suspend discovery until the documents seized by the FBI are returned to the Defendants.

## DISCUSSION

### I.    Motion to Quash

Defendant Rohner argues that a subpoena, presumably served by the SEC, should be quashed because the SEC posted a statement on its website indicating that the Honorable Gloria M. Navarro granted its temporary restraining order.  According to Rohner, the information within the SEC's statement is not accurate and the court "needs to **verify** that the SEC has the information per its **published statement** and provide this information to the defendants and the defendant investors or **it has no case** to be using against the investors, Rohner is an investor." Docket No 84 at 4.

Pursuant to Fed.R.Civ.P. 45(c)(3)(A), the Court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

The Court may quash or modify a subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed.R.Civ.P. 45(c)(3)(B).

Here, the Court denies Rohner's Motion to Quash, Docket No. 84, for 3 reasons.

First, Rohner has failed to provide the Court with the subpoena or any information about the subpoena which would justify the requested quash. From the motion, all the Court can discern is that the subpoena may request some documents and at least one deposition. The Court does not know when the subpoena was served, what it requested, or how long Rohner was given to respond. Without more information, the Court cannot quash the referenced subpoena.

Second, even if Rohner had provided the Court with the subpoena he seeks to quash, none of his allegations supports a decision to quash a subpoena. The SEC's website statement, and whether it is correct or contains inaccuracies about this litigation or the Defendants,[2] is not relevant to quashing a subpoena. *See* Fed.R.Civ.P. 45. Rohner's reasoning for his Motion to Quash is completely misguided.

Third, Rohner has not cited any case, statute, law, or other authority to support his Motion to Quash. Under Local Rule 7-2, all motions must be supported by a memorandum of points and authorities. "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." LR 7-2. Accordingly, because Rohner has not cited to any authority in this motion, he has essentially consented to the denial of this motion.

## II.     Request for Production and Request to Stay Discovery

In addition to quashing a subpoena, Rohner wants the SEC to produce information which supports the statement it published on its website.

The initial inquiry here, as with any motion to compel production, is whether Rohner made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so,

---

[2] The Court has reviewed the referenced webpage, http://www.sec.gov/litigation/litreleases/2013/lr22639.htm, and makes no findings related to that webpage.

1  the parties have not been able to resolve the matter without Court action." LR 26-7. This Court
2  has previously held that personal consultation means the movant must "personally engage in two-
3  way communication with the nonresponding party to meaningfully discuss each contested
4  discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V.*
5  *Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation
6  "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least
7  narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v.*
8  *Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the
9  informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial
10 review of discovery disputes." *Id*. This is done when the parties "present to each other the merits
11 of their respective positions with the same candor, specificity, and support during the informal
12 negotiations as during the briefing of discovery motions." *Id*.
13         Here, Rohner has not provided a statement detailing his meet and confer efforts with the
14 SEC concerning his request for information relating to its webpage statement. Further, it does not
15 appear that Rohner ever actually requested such information from the SEC. If Rohner wants the
16 SEC to produce information which supports the statement it published on its website, he must
17 request that information from the SEC directly in accordance with the federal rules of civil
18 procedure and the discovery plan and scheduling order in this case.[3] *See* Docket No. 40. For
19 example, Rohner may serve the SEC with requests for production under Fed.R.Civ.P. 34,
20 interrogatories under Fed.R.Civ.P. 33, or requests for admission under Fed.R.Civ.P. 36. If
21 Rohner has not served the SEC with any such requests, the Court cannot compel the SEC to
22 comply with non-existent discovery requests. Accordingly, Rohner's request for information
23 about the SEC's website statement is denied.
24         Finally, Rohner has also requested to stay discovery pending the return of certain
25 "materials" that "can be used for defense and to satisfy any future discovery requests" in this
26 matter. However, it is unclear from the present motion what "materials" Rohner is referencing. If

---

[3] Discovery is currently set to end on September 9, 2013. Initial disclosures for the SEC and Defendants were due by June 14, 2013.

he is referencing the assets discussed in his previous Motion to Release Confiscated and Removed Items, Docket No. 44, the Court denied that request. Further, it is unclear whether Rohner has made any effort to correctly obtain those items. Regardless, as Rohner has not made it clear what materials he is referencing, the Court cannot make a determination as to whether a stay pending the return of certain "materials" is proper at this time.

Rohner has also requested a stay in a separate motion still pending before the Court. *See* Docket No. 45, *see also* Docket No. 49. The Court will address that motion in a separate order.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's Motion (#84) is DENIED.

DATED this 15th day of July, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge