**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> INTELIGENTRY, LTD.; PLASMERG, INC.; PTP ) <br> LICENSING, LTD.; and JOHN P. ROHNER, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-00344-GMN-NJK <br><br> **ORDER** |

Before the Court is Defendant John P. Rohner's Motion to Change Venue (ECF No. 41). For the reasons discussed below, the Motion is denied.

**I.  BACKGROUND**

This action arises out of Defendant John P. Rohner's ("Rohner") alleged violations of securities laws in connection with his solicitation of investments for Inteligentry, Ltd., PlasmERG, Inc., and PTP Licensing, Ltd. (the "Rohner Companies"). Plaintiff Securities and Exchange Commission ("SEC") alleges that Rohner is a resident of Las Vegas, Nevada, and is the Founder, President, Chief Executive Officer, Treasurer, and Director of each of the Rohner Companies. The Rohner Companies are Nevada corporations with their principal place of business in Las Vegas. Allegedly, the Rohner Companies' employees worked in Nevada, their shareholder meetings took place in Nevada, and Defendants invited potential investors to presentation at their facilities in Nevada.

Since the action was filed, Rohner has relocated to Iowa. Rohner now moves to transfer the action to the Southern District of Iowa.

**II.  LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer lies within the broad discretion of the district court, and is determined on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The case-by-case approach has led courts to balance a number of factors in determining if transfer is appropriate. Although the relevant factors vary with facts of specific cases, *see Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001), the following factors are generally considered in a transfer motion: (1) the plaintiff's choice of forum; (2) the location where a majority of the facts giving rise to the case occurred; (3) the potential litigation costs and convenience of the parties; (4) the convenience of potential witnesses; (5) ease of access to the evidence; (6) the parties' contacts with the forum; (7) any local interest in the controversy; and (8) the availability of compulsory process to compel unwilling witnesses. *See Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The movant bears the burden of showing that transfer is appropriate. *Operation: Heroes, Ltd. v. Procter and Gamble Prods., Inc.*, 903 F.Supp.2d 1106, 1111 (D. Nev. 2012).

### III. DISCUSSION

Rohner does not contend that the District of Nevada is an inappropriate venue. Likewise, the SEC does not directly attack Rohner's motion by arguing that the action could not have originally been brought in the Southern District of Iowa. Thus, the only question before the Court is whether, considering convenience and fairness, a transfer to the Southern District of Iowa is in the interest of justice. Because the balance of factors weighs in favor of trying the case in Nevada, the Court concludes that it is not.

Rohner's main contention in support of transfer is that litigating in Nevada would be

expensive and inconvenient. Rohner avers that since April 1, 2013, he has permanently resided in Iowa. Rohner also claims that he is handicapped and "[a] car trip of 2 hours to appear in court is preferable to a plane trip of many hours and overnight lodging." Rohner additionally asserts that many defense witnesses are "close to [the] Iowa court," though Rohner does not identify any specific witness.

Although this Court recognizes that it may be inconvenient for Rohner to travel and defend this action in Nevada, Rohner has not met his burden of showing that a transfer would be in the interest of justice because the majority of the factors weigh against transfer. The SEC's choice of forum does not appear to be driven by forum shopping, but rather by the fact that the Rohner Companies are Nevada corporations and most of the facts giving rise to this action took place in Nevada. Consequently, the SEC's choice of forum is afforded substantial weight. *Decker*, 805 F.2d at 843.

Further, because most of the facts giving rise to this action took place in Nevada, the bulk of the evidence and the majority of witnesses are likely to be located here. Consequently, the costs of litigation and convenience of witnesses weigh in favor of Nevada proceedings. The defense witnesses referenced in Rohner's motion only appear to relate to the SEC's allegations involving "some illicit behavior on some business based in Iowa." However, the allegations relating to Iowa are only a small fraction of the total allegations of the Complaint. Employees of the Rohner Companies, stockholders, and investors are all much more connected with Nevada. Accordingly, the local interests are greater in Nevada and this Court is more likely to have authority to subpoena witnesses under the 100-mile restriction in Fed. R. Civ. P. 45(b)(2) and (c)(3)(A)(ii), than a court in Iowa.

Finally, Rohner has extensive contacts with Nevada. Even accepting Rohner's contention that his primary residence has always been in Iowa and that any residences in Las Vegas were only temporary, Rohner resided, owned property, and incorporated companies in

Nevada. In fact, Rohner was residing in Las Vegas at the time he was served with the Complaint. Rohner's relocation did not occur until after he was apprised of and had appeared in this action.

Consequently, the balance of factors weighs against transferring the action to the Southern District of Iowa. The Court finds that such a transfer would not be for the convenience of the parties and the witnesses in the interest of justice.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant John P. Rohner's Motion to Change Venue (ECF No. 41) is **DENIED**.

**DATED** this 23rd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge