UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>INTELIGENTRY, LTD. PLASMERG, INC., )<br>PTP LICENSING, LTD. and JOHN P. ROHNER, )<br>)<br>Defendants. )<br>) | 2:13-cv-00344-GMN-NJK<br><br>**O R D E R** |

This matter came before the Court on Plaintiff's Motion to Quash Deposition of Investor and Licensed Manufacturer. Dkt. # 97. The Court has considered Plaintiff's Motion to Quash Deposition of Investor and Licensed Manufacturer. Dkt. # 97. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2.

**BACKGROUND**

In the instant case, the Securities and Exchange Commission ("Plaintiff" or "SEC") is suing Inteligentry, Ltd., Plasmerg, Inc., PTP Licensing, Ltd. and John P. Rohner (collectively "Defendants") for violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Sections 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78 j(b) and Rule 10b-5 [17 § C.F.R. 240.10b-5]. *Complaint* at ¶ 8, Dkt. # 1. The Defendants' Motion, filed by *pro se* Defendant Rohner, seeks to quash the deposition and document production subpoena of a non-party to the instant litigation.

. . . .

1  Defendant Rohner claims that the SEC has subpoenaed non-party Dan Nims to testify at a
2  deposition and to produce certain documents and items. Dkt. #97. Defendant Rohner asks this
3  Court to quash the subpoena on behalf of this non-party. *Id.* Defendant Rohner is the main
4  stockholder of the Defendant corporations Inteligentry, LTD., PlasmERG, Inc., and PTP Licensing,
5  LTD. *Id.*, at 1. This Court has already informed Defendant Rohner that, while he may represent
6  himself as an individual, he may not represent the corporate Defendants in this case. *See* Dkt. # 87,
7  at 2-3. Now, in addition to improperly attempting to represent the corporate Defendants in this case,
8  Defendant Rohner is improperly attempting to file a motion with the Court on behalf of another
9  individual.

**DISCUSSION**

11  Defendant Rohner admits that he is not an attorney. *See* Doc. #97, at 7. Although a person
12  may represent himself or herself, a non-lawyer may not represent others. Rohner is not permitted to
13  engage in the unauthorized practice of law by purporting to represent or acting on behalf of the
14  corporate Defendants, non-party Nims, or anyone else. *See Jackson v. United Artists Theatre*
15  *Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011) (citing *Taub v. Weber,* 366 F.3d 966, 970 (9th Cir.
16  2004) (applying Oregon law on authorized practice of law) and *In re Discipline of Lerner,* 197 P.3d
17  1067, 1069-70, 1072-73 (Nev. 2008) (what constitutes unauthorized practice of law under Nevada
18  law)).

19  Defendant Rohner, therefore may not represent either the corporate Defendants in this case,
20  or the non-party upon whose behalf he filed the instant motion. As stated above, the Court has
21  already warned Defendant Rohner that corporations are required to have licensed counsel when they
22  appear in federal court and that he may not represent the corporate Defendants in the instant case.
23  *Rowland v. California Men's, Unit II Advisory Council*, 506 U.S. 194, 202 (1993). Defendant
24  Rohner, a non-attorney, simply may not represent any party other than himself and, therefore, his
25  Motion to Quash, on behalf of a non-party individual, was improperly filed.[1]

---

[1] To the extent Defendant Rohner asks this Court to stay discovery, that request is DENIED without prejudice. Defendant Rohner fails to cite any points and authorities in support of his request, including the correct standard for determining whether a stay of discovery is proper. *See* LR 7-2(d).

# CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Rohner's Motion to Quash Deposition of Investor and Licensed Manufacturer (Dkt. # 97) is DENIED.

DATED this 5th day of August, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge