UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INTELIGENTRY, LTD. PLASMERG, INC., ) <br> PTP LICENSING, LTD. and JOHN P. ROHNER, ) <br> ) <br> Defendants. ) <br> ) | 2:13-cv-00344-GMN-NJK <br><br> **O R D E R** |

Before the Court is Defendant John Rohner's Motion for Sale of Stored Materials, Docket No. 104, and Amended Motion for Sale of Stored Materials, Docket No. 106.[1] The Court has considered Defendant's Motions, Docket Nos. 104 and 106, and Plaintiff Security and Exchange Commission's Response, Docket No. 108. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

. . .

. . .

. . .

---

[1] To the extent that Rohner intended to file his motion on behalf of the corporation defendants, the former Inteligentry employees, investors or former investors of any of the corporations, it is denied. The corporation defendants are required to have licensed counsel. *See Rowland v. California Men's, Unit II Advisory Council*, 506 U.S. 194, 202 (1993); *see also* Docket No. 87 at 2-3 (Court explained Rohner cannot represent corporate defendants). Former Inteligentry employees, investors or former investors of any of the corporations are not parties to this case and, additionally, Rohner cannot appear *pro se* on behalf of other individuals. Although the defendants have since retained counsel, the present motion was filed by Rohner and not corporate counsel.

## BACKGROUND

In the instant case, the Securities and Exchange Commission ("SEC") is suing Inteligentry, Ltd., Plasmerg, Inc., PTP Licensing, Ltd. and John P. Rohner (collectively "Defendants") for violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)], Sections 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c)], and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78 j(b) and Rule 10b-5 [17 § C.F.R. 240.10b-5]. *Complaint* at ¶ 8, *Dkt*. 1.

On March 7, 2013, the Court issued a Temporary Restraining Order prohibiting the sale of the corporate defendants' assets. *See* Docket No. 23. The SEC then filed a Motion for Preliminary Injunction which the Court granted on March 18, 2013. *See* Docket Nos. 33 and 34, respectively.

In the present motions, Rohner seeks a court order allowing him to sell desks, tables, shelves, and books, which he moved into a storage unit after the TRO was issued and he could no longer pay the rent for the space he was using. *See* Docket Nos. 104 and 106. According to Rohner, an investor is currently paying for the storage unit and no longer wishes to do so. *Id*. The SEC opposes Rohner's request to sell the corporate defendant's assets asserting that (a) Rohner cannot continue to bring motions on behalf of the corporate defendants, and (b) Rohner's request would be a direct violation of the Preliminary Injunction. *See* Docket No. 108.

## DISCUSSION

On March 18, 2013, the Court issued a Preliminary Injunction prohibiting the sale of the corporate defendant's assets. Rohner admits in his motion that the assets in the storage unit are the property of the corporate defendants. Therefore, the sale of the assets would be a violation of this Court's order. If there is an issue with paying for the storage of the assets, the corporate defendants can seek an appropriate modification to the Court's order. However, such a request must be brought by corporate counsel and Rohner may not continue to file motions on behalf of the corporate defendants. As this Court has stated before, Rohner is not and cannot be the corporate defendants' counsel.

. . .

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant John Rohner's Motion for Sale of Stored Materials (#104) is DENIED.

IT IS FURTHER ORDERED that Defendant John Rohner's Amended Motion for Sale of Stored Materials (#106) is DENIED.

DATED: September 9, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

- 3 -