UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> INTELIGENTRY, LTD. PLASMERG, INC., ) <br> PTP LICENSING, LTD. and JOHN P. ROHNER, ) <br> ) <br> Defendants. ) <br> ) | 2:13-cv-00344-GMN-NJK <br><br> **O R D E R** |

Before the Court is Defendant John Rohner's Motion to Impeach Declaration of Kenneth J. Guido, Docket No. 112. The Court has considered Defendant's Motion and finds that it is appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

On March 7, 2013, the Court issued a Temporary Restraining Order prohibiting the sale of the corporate defendants' assets and freezing money previously available to Defendant Rohner. *See* Docket No. 23. The SEC then filed a Motion for Preliminary Injunction which the Court granted on March 18, 2013. *See* Docket Nos. 33 and 34, respectively.

On September 9, 2013, the SEC filed a Motion to Hold Rohner in Contempt and Appoint Receiver, with an attached affidavit of Kenneth J. Guido, Esq. *See* Docket No. 109. That motion is not ripe and still pending before the Court. *Id*.

. . .

1  In response to the attached affidavit of Kenneth J. Guido,[1] Rohner filed his present
2  motion seeking a court order for "complete documentation" of the documents referenced in
3  Guido's affidavit. *See* Docket No. 112. According to Rohner, Guido has cut and pasted certain
4  portions of deposition transcripts, but has omitted words, repositioned sentences, and condensed
5  the transcripts in a manner that takes the context out of the provided statements. *Id*. at 2-4.
6  Additionally, Rohner argues that the document purporting to be the accounting ordered by the
7  Court, Exhibit 7 attached to the Motion to Hold Rohner in Contempt, is also incomplete and only
8  "a guess." *Id*. In order to address his concern, Rohner seeks a court order requiring the SEC to
9  provide the Court with the complete version of the documents referenced by Guido in his
10 affidavit. *Id*. at 6. Rohner indicates that he needs this information in order to respond to the
11 SEC's motion. *Id*.

## DISCUSSION

13 Defendant Rohner has not indicated under what rule or authority he believes the Court
14 should act. If Rohner is requesting that the Court compel the SEC to produce additional
15 documentation under Rule 37, he has not shown that he properly met and conferred with the SEC
16 prior to bringing his motion. *See* Fed.R.Civ.P. 37(a)(2)(B); LR 26-7(b); *ShuffleMaster, Inc. V.*
17 *Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).
18 If he believes the Court cannot make a determination without additional information, or
19 that the SEC's arguments are wrong because they rely on incomplete information or are taken out
20 of context, he may provide that missing information or argue that point, supported by documents
21 and authorities, in his response. Indeed, the Ninth Circuit has stressed the importance of ensuring
22 that "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior
23 testimony." *See Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1231 (9th Cir.1995); *citing*
24 *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991). However, "minor
25 inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence

---

[1] Although Rohner does not specify which affidavit he is referring to, the Court has inferred through his motion that he intended to address the affidavit attached to the Motion to Hold Rohner in Contempt, Docket No. 109. *See* Docket No. 109-1.

1  afford no basis for excluding an opposition affidavit." *Id*. Ultimately, whether the Court has
2  sufficient information to rule on a motion is a decision for the Court and, here, the Court will
3  make that decision once the SEC's motion is fully briefed.
4      Nevertheless, as the Court cannot identify under what authority Rohner is requesting
5  relief in the present motion, his motion is denied. *See* LR 7-2 (The failure of a moving party to
6  file points and authorities in support of the motion shall constitute a consent to the denial of the
7  motion).

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant John Rohner's Motion to Impeach Declaration of Kenneth J. Guido (#112) is DENIED.

DATED: September 10, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge