UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

SECURITIES AND EXCHANGE COMMISSION, )
)
            Plaintiffs, )    2:13-cv-00344-GMN-NJK
)
vs. )
)
INTELIGENTRY, LTD. PLASMERG, INC., )    **O R D E R**
PTP LICENSING, LTD. and JOHN P. ROHNER, )
)
            Defendants. )
)

    Before the Court is the Defendant John Rohner's Motion to Allow the Corporation's Lawyer to File Actions to Reclaim or Provide Assets Owed to the Companies, Docket No. 123.

    Defendant Rohner requests a Court Order "allowing" the Corporate Defendants' attorney to "regain corporate assets." Docket No. 123, at 1. The Court, however, cannot grant this type of relief. The Court does not have the authority, nor does Rohner as a co-defendant, to instruct the Corporate Defendants' attorney to take a certain litigation strategy.

    Next, Rohner asserts that granting this request will increase the funds available to the Court which the Court can, in turn, allocate to investors when the SEC loses its case. *Id*. This is incorrect, highly speculative, and not grounds for instructing Rohner's co-defendants to file a motion or a new case[1] against the SEC.

    Finally, apparently in an attempt to support his Motion, Rohner asserts that certain individuals have broken their contracts with the investors and the corporations and therefore, he

---

[1] It is unclear from Rohner's Motion what type of "action" he believes his co-defendants should pursue.

argues, the SEC should sue those individuals "as corporate assets." *Id*. at 2-3.   Again, the Court does not have that sort of authority and the Court does not decide whom the SEC should sue. Further, Rohner's argument that individuals should be sued "as corporate assets" is nonsensical.

Rohner has completely failed to cite any points or authorities throughout his entire motion. "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Local Rule 7-2(d).  Accordingly, for all the reasons stated above, the Motion is denied.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant John Rohner's Motion to Allow the Corporation's Lawyer to File Actions to Reclaim or Provide Assets Owed to the Companies, Docket No. 123, is DENIED.

DATED this   8th    day of October, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

- 2 -