UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiffs, | 2:13-cv-00344-GMN-NJK |
| vs. | |
| INTELIGENTRY, LTD. PLASMERG, INC., PTP LICENSING, LTD. and JOHN P. ROHNER, | **O R D E R** |
| Defendants. | |

Before the Court is Defendant John Rohner's Motion to Remove Invalid Claimants, Docket No. 139. The Court has considered Defendant's Motion, Docket No. 139, and Plaintiff Security and Exchange Commission's Response, Docket No. 148. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2. For the reasons discussed below, the instant motion is hereby DENIED.

**DISCUSSION**

Rohner asserts that the SEC has included "'Claimants' or 'Complaints' in this case that are false." Docket No. 139, at 2. Specifically, Rohner argues that the SEC has not proven that any of its allegations in this case are facts, and further, he argues that those allegations are false. *Id*. at 2-12. Based on these assertions, Rohner requests that the Court enter an order removing Defendant PlasmERG, Inc., as a party and dismissing this action without prejudice. *Id*. at 13.

. . .

. . .

1    Rohner has not, however, cited to any points or authorities in support of his motion. "The
2  failure of a moving party to file points and authorities in support of the motion shall constitute a
3  consent to the denial of the motion." Local Rule 7-2(d). Accordingly, Rohner's motion is denied.
4    Next, it is not the duty of the Court to act as a fact finder at this stage in the litigation. The
5  Court is aware that the SEC's allegations are just that and there is no need to make any factual
6  determinations at this time.
7    Finally, as the Court has repeatedly informed Rohner, he cannot bring motions on behalf
8  of the corporation defendants. *See* Docket No. 87 at 2-3; Docket No. 88 at 1; Docket No. 96 at 1;
9  Docket No. 100 at 2; and Docket No. 111 at 1. The corporation defendants are required to have
10  licensed counsel representing them, which they do. *See Rowland v. California Men's, Unit II*
11  *Advisory Council*, 506 U.S. 194, 202 (1993). Thus, if Defendant PlasmERG, Inc., wishes to be
12  released from this case, only its counsel can make such a request of this Court.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant John Rohner's Motion to Remove Invalid Claimants, Docket No. 139, is DENIED.

DATED this   27th    day of January, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge

- 2 -