Kenneth J. Guido
Hemma B. Ramrattan
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4480
(202) 772-9282
guidok@sec.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

_____
                                                                  :
**SECURITIES AND EXCHANGE COMMISSION,**   :
                                                                  :
        **Plaintiff,**                          :
                                                                  :
        v.                                          : Civil No. 2:13-cv.00344
                                                                  :           RFB-NJK
**INTELIGENTRY, LTD., PLASMERG, INC.,**          :
**PTP LICENSING, LTD., and JOHN P. ROHNER**, :
                                                                  :
        **Defendants.**                       :
_____ :

**ORDER APPOINTING RECEIVER**

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Defendants; and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

    1.    This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants: Inteligentry, Ltd.; PlasmERG, Inc.; and PTP Licensing, Ltd. (collectively, the "Entity Receivership Defendants"), and John P. Rohner ("Individual Receivership Defendant").

    2.    Until further Order of this Court, Ms. Sally McMinimee, Esq., Prince, Yeates &

Geldzahler, 15 West South Temple, Suite 1700, Salt Lake City, Utah 84101, is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Receivership Defendants.

## I. General Powers and Duties of Receiver

3.  Subject to the specific provisions of Sections II through XIV below, the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the entity Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66.

4.  The trustees, directors, officers, managers, employees, investment advisors, accountants, and other agents of the entity Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the entity Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims.

5.  No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

## II. Access to Information

6.  The Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Defendants, as well as those acting in their place, are ordered to assist the Receiver in fulfilling her duties and obligations.  As such, they must respond promptly and

truthfully to all requests for information and documents from the Receiver and are ordered and directed to preserve and turn over to the Receiver all paper and electronic information of, and/or relating to, the Receivership Defendants and or all Receivership Property.

7.  The Receiver is authorized to take possession of all books and records and all electronic records from the persons described in Paragraph 6 above. All the persons and entities described in Paragraph 6 above having control, custody or possession of such documents are ordered to turn such documents over to the Receiver.

8.  The Receiver is authorized, when authorized by the Court, to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed. R. Civ. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

### III. Bank and Brokerage Accounts

9.  The Receiver is authorized to take immediate possession, custody and control of all funds in bank, brokerage firm, financial institution accounts held by, in the name of, or for the benefit of, directly or indirectly, and of the Entity Receivership Defendants and Individual Receiver Defendant.

10. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any accounts held by, in the name of, or for the benefit of, directly or indirectly, and of the Entity Receivership Defendants and Individual Receivership that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

    A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;

    B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's

control without the permission of this Court; and

    C.    Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### IV. Real Property and Automobiles

11. The Receiver is authorized to take immediate possession, custody and control of all real property and automobiles of the Individual Receivership Defendant, wherever located, including but not limited to all ownership and leasehold interests and fixtures.

12. All persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) that receive actual notice of this Order by personal service, facsimile transmission or otherwise are prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

13. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Individual Receivership Defendant, or any other person acting or purporting to act on his behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

14. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Individual Receivership Defendant shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

### V. All Other Property

15. The Receiver is authorized to take immediate possession, custody and control of all other property of the Entity Receivership Defendants and Individual Receivership Defendant

(excluding materials obtained by the Commission in the course of the investigation and discovery in this litigation), wherever located, including but not limited to all physical, electronic and intellectual property of the Entity Receivership Defendants and Individual Receiver Defendant.

16. The Entity Receivership Defendants and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the Entity Receivership Defendants, as well as those acting in their place, that receive actual notice of this Order by personal service, facsimile transmission or otherwise are ordered to deliver the personal property, including all software, hardware, computer programs and Intellectual Property, to which the Receivership Defendants have a legal or beneficial interest to the Receiver.

## VI. Assistance to Receiver

17. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody and control of, or identify the location of, any real property assets, records or other materials belonging to the Receivership Estate.

## VII. Notice to Third Parties

18. In furtherance of her responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that she deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

### VIII.  Injunction Against Interference with Receiver

19. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

   A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

   B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

   C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,

   D. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

20. The Receivership Defendants shall cooperate with and assist the Receiver in the performance of her duties.

21. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

### IX.  Stay of Litigation

22. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the

above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

23. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

24. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X. Managing Assets

25. The Receiver shall take control of the brokerage and bank accounts frozen by this Court's orders and hold the funds for the benefit of the Receivership Estate.

26. The Receiver shall take control of all real property and automobiles of the Individual Receivership Defendant frozen by this Court's orders and hold and manage them for the benefit of the Receivership Estate.

27. Subject to Paragraph 28 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all <u>real property</u> and <u>automobiles</u> in

the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property and automobiles.

28. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property and automobiles in the Receivership Estate.

### XI. Investigate and Prosecute Claims

29. Subject to the requirement that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in her discretion be advisable or proper to recover and/or conserve Receivership Property.

30. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

31. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, her Retained Personnel (as that term is defined below), and the Receivership Estate.

### XII. Liability of Receiver

32. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

33. The Receiver and her agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment,

or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

34. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

35. In the event the Receiver decides to resign, the Receiver shall file a written notice with the Court of her intent to resign, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

### XIII. Reports to Court and Commission

36. On the request of the Court and/or Commission, the Receiver shall provide the Court and/or Commission with any report or documentation that the Court and/or Commission request.  However, the Receiver shall not provide to the Commission any material or documentation that she believes would not be in the best interest of the Receivership Estate to provide.  The Commission may seek an order from the Court for the release of such information.

### XIV. Fees, Expenses and Accountings

37. Subject to Paragraphs 39 – 45 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

38. Subject to Paragraph 40 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement; provided, however, Mark S. Dzarnoski, Esq. of the law firm Gordon Silver shall continue serving as litigation counsel for the Receivership Entities to advise the Receiver on potential settlement in this matter

without further Order from this Court to serve until and unless the Receiver seeks permission from the Court to replace him in that capacity.

39. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

40. Within thirty (30) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). This application shall be filed by the Receiver.

41. Each Quarterly Fee Application shall contain representations that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2015, at Las Vegas, Nevada.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**