Kenneth J. Guido
D. Ashley Dolan
Hemma Ramrattan Lomax
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4480
(202) 772-9282
guidok@sec.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

_____

SECURITIES AND EXCHANGE COMMISSION

      **Plaintiff**,

      v.

Civil No. 2:13-cv-0344-RFB-NJK

**INTELIGENTRY, LTD., PLASMERG, INC.,
PTP LICENSING, LTD., and JOHN P. ROHNER**,

      **Defendants.**

_____

**SECURITIES AND EXCHANGE COMMISSION'S AND RECEIVER'S JOINT
MEMORANDUM IN SUPPORT OF JOINT MOTION FOR SUPPLEMENT TO ORDER
APPOINTING RECEIVER**

In response to the Court's May 18, 2016 Order, the Securities and Exchange Commission ("SEC") and Receiver Sally McMinimee ("Receiver") now jointly request the Court to issue the attached Proposed Order setting forth the Receiver's additional authority and authorizing the SEC and Receiver to devise a plan for the liquidation of the money held by the Receiver in the Receivership Estate account at Nevada State Bank. This proposed order supplements the Court's previous order appointing Receiver issued on May 18, 2015.  (Docket No. 290).

**BACKGROUND**

On February 28, 2013, the SEC filed the Complaint against Rohner and Corporate Defendants for violations of Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act. On March 7, 2013, the Court froze the assets of the Corporate Defendants, because the evidence of securities registration violations and fraud presented by the SEC demonstrates that the public interest in preserving the investment proceeds of the victims is greater than the Defendants' burden resulting from an injunction. (Docket No. 23).

On August 7, 2013, the Court granted a slight modification to its freeze order, allowing the Corporate Defendants to spend a fixed amount of $20,000 of the frozen funds for their legal representation in this litigation. (Docket No. 101).

On March 31, 2015, the Court granted summary judgment in favor of the SEC as to Rohner's liability for violating the five claims for Relief alleged against him in the Complaint. *SEC v. Inteligentry, Ltd.*, No. 2:13-cv-00344, 2015 WL 1470498, at *12-14, *18-21 (D. Nev. Mar. 31, 2015). Specifically, the Court granted the SEC's Motion for Partial Summary Judgment against Rohner for his violations of Section 17(a) of the Securities Act, Section 10(b) and Rule 10b-5 of the Exchange Act, and his aiding and abetting Inteligentry, Ltd.'s violations of Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act. *SEC v. Inteligentry*, 2015 WL 1470498, at *18-21.

On May 18, 2015, the Court appointed Ms. Sally McMinimee, Esq. as Receiver ("Receiver") to marshal and preserve all assets of the Defendants. (Docket No. 290).

On April 1, 2016, the Court granted the SEC's Motions for Final Judgments (Docket Nos. 337 and 349) and notified the parties it would hold a separate hearing on the details of the Orders after receipt of the Report of the Receiver. (Docket No. 433).

On April 25, 2016, the Receiver filed her Report with the Court itemizing the known assets of the Defendants (Docket No. 459). In her Report, the Receiver notified the Court that she identified and took custody of accounts in the name of the Corporate Defendants in Nevada State Bank with a total balance of $190,255.74 as of March 31. 2016. (Docket No. 459 at 4-5). The Receiver also reported to the Court that after reviewing the pleadings, including the Declaration of Allen Genaldi (Docket No. 281-1, April 27, 2015) and Rohner's and Corporate Defendants' bank records (Docket No. 9 at Exs. 1-9), she concluded that the funds in the Nevada State Bank accounts were funds received from investors. (Docket No. 459 at 5).

The records relied upon by the Receiver for her April 25, 2015 Report, establish that at least 201 persons deposited a total of $2,396,622 into Rohner's, Inteligentry's, PlasmERG's and/or PTP's bank accounts, or appear on Inteligentry's or Rohner's stock lists. (Docket No. 281-1, April 27, 2015 Declaration of Allen Genaldi ("2015 Genaldi Decl.") ¶ 5, Ex. A [Potential Claimants]). Of this total, at least $1,822,825 was raised from 136 investors. (Docket No. 281-1, 2015 Genaldi Decl. ¶ 6, Ex. B [Identified Investors]).

On May 3, 2016, counsel for Corporate Defendants moved the Court to release additional frozen funds to pay his fees from the limited money the Court has recognized is subject to Disgorgement. (Docket No. 463). Counsel requests that a total of $74,931.40 be paid to his firm for additional fees and costs in addition to the $20,000 previously granted. The SEC has opposed this motion. (Docket No. 465).

On May 18, 2016, the Court authorized the Receiver to hold the money in the Nevada State Bank accounts in an account that can be accessed upon the filing of the Court's Final Judgment in this case. It also ordered the SEC and Receiver to submit a joint proposed order to address the Receiver's future involvement and authority going forward in the case, to estimate

3

the anticipated amount to be set aside from the bank accounts for her services and for the services of professionals she hires to assist her, and how the remaining funds from the bank accounts should be distributed.  (Docket No. 464).  The Court also ordered the $16,618.26 frozen in an account held by an attorney in Iowa to be transferred to the Receivership Estate Bank Account at Nevada State Bank.  (Ex. 1, Transcript Excerpt of May 3, 2015 Hearing at 11).

On May 25, 2016, the Receiver filed a second Report with the Court, requesting $23,875.33 for her fees and expenses for the period from April 30, 2015 through May 3, 2016. (Docket No. 466).  The SEC and Receiver estimate that fees and costs to distribute the remaining funds will likely be $20,000.  There will be $162,998.67 available for distribution to investors after payment of the Receiver's fees and costs.

In the unlikely event, the Court grants Corporate Defendants' counsel's request for an additional $74,758 in fees plus $173.40 in costs, there will be only $88,067.27 available for distribution to investors.

## PURPOSE OF MOTION

In response to the Court's May 18, 2016 Order, the SEC and Receiver now jointly request the Court to issue the attached Proposed Order setting forth the Receiver's additional authority and authorizing the SEC and Receiver to devise a plan for the liquidation of the money held by the Receiver in the Receivership Estate account at Nevada State Bank.  In general, the additional authority sought in the Proposed Order includes authority for the Receiver to:

- Develop a plan to distribute the Liquid Assets;
- Hold the Liquid Assets in an interest bearing account;
- Pay all reasonable expenses and costs associated with the distribution;
- Develop a plan for the fair, reasonable, and disposition of the Liquid Assets;

- Notify potential claimants of the amount to which they are entitled in a distribution;

- Submit a plan of distribution to the Court for its approval; and

- Issue checks for the amount(s) to which investors are entitled.

This authority will allow the SEC and Receiver to return as much money as possible from the currently frozen accounts to injured investors.

Date:  June14, 2016				Respectfully submitted,

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 13th day of September, 2016.

/s/ Kenneth J. Guido
Kenneth J. Guido
D. Ashley Dolan
Hemma Ramrattan Lomax
Attorneys for Plaintiff
100 F Street N.E.
Washington, D.C. 20549
Tel:  (202) 551-4480
Fax:  (202) 772-9282
Email:  guidok@sec.gov

/s/ Sally B. McMinimee
Sally B. McMinimee
Receiver
Prince, Yeates & Geldzahler
15 West South Temple, Suite 1700
Salt Lake City, Utah 84101
Tel: (801) 524-1000
Fax: (801) 524-1098
Email: sbm@princeyeates.com

## **CERTIFICATE OF SERVICE**

      I certify that on June 14, 2016, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve by electronic mail any counsel who has appeared in this case and pro se defendant who has answered the Complaint.

                                          /s/ Kenneth J. Guido
                                          Kenneth J. Guido
                                          Attorney for
                                          U.S. Securities and Exchange Commission
                                          100 F Street, N.E.
                                          Washington, D.C. 20549
                                          (202) 551-4480
                                          (202) 772-9282
                                          guidok@sec.gov