UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

---

SECURITIES AND EXCHANGE COMMISSION

    Plaintiff,

    v.

INTELIGENTRY, LTD., PLASMERG, INC.,
PTP LICENSING, LTD., and JOHN P. ROHNER,

    Defendants.

Civil No. 2:13-cv-0344-RFB-NJK

**FINAL JUDGMENT
AND
PERMANENT INJUNCTION**

---

**FINAL JUDGMENT AGAINST DEFENDANT JOHN P. ROHNER**

**WHEREAS,** the Securities and Exchange Commission ("SEC" or "Commission") filed the attached Amended Complaint ("Complaint") against Defendant John P. Rohner ("Rohner"). (Attachment A); **WHEREAS,** Rohner entered a general appearance and consented to the Court's jurisdiction over him; **WHEREAS,** on March 31, 2015, the Court granted summary judgment in favor of the SEC as to Rohner's liability for violating all five claims for relief alleged against him in the Complaint, holding that Rohner violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") , Section 17(a) of the Securities Act, Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), and aided and abetted Inteligentry, Ltd.'s ("Inteligentry") violations of Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act; and **WHEREAS**, the Court has reviewed the SEC's Motion for Final Judgment against Defendant John P. Rohner, all supporting documents, and all opposition thereto, and based on the evidence and authorities presented therein, hereby finds and orders as follows:

**I.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Rohner and his agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently prohibited and restrained from directly or indirectly participating in the issuance, offer, or sale of any security, including without limitation securities of Corporate Defendants Inteligentry, PlasmERG, Inc. ("PlasmERG") and PTP Licensing, Ltd. ("PTP") (collectively "Corporate Defendants"), or their successor entities, and securities of entities that promote in any way Defendants' past, current, or any future plasma engines and related technology, such as the plasmic transition process engine, plasma expansion process, and the electronic control system for a plasma engine; provided, however, that such injunction shall not prevent Defendant Rohner from purchasing or selling securities listed on a national securities exchange.

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Rohner shall, within 10 days after entry of this Final Judgment, post complete and legible copies of the Commission's Complaint and this Final Judgment in a conspicuous place on the home pages of any websites and social media sites that Rohner directly or indirectly uses now or in the future to raise funds for or to sell plasma engines and related technology, including the sale of licenses for or rights to the plasma engines and related technology. Complete and legible copies of the Complaint and this Final Judgment shall be maintained on such Web sites and social media sites as long as such sites are active and viewable.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Rohner is prohibited, following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Rohner is liable, jointly and severally with the Corporate Defendants, for disgorgement of $1,822,825, representing identified ill-gotten gains received as a result of the unlawful conduct found by the Court, together with prejudgment interest thereon in the amount of $411,100.48, for a total disgorgement of $2,233,925.48. Defendant Rohner is liable for a civil money penalty of $750,000, pursuant to Securities Act Section 20(d)(1) [15 U.S.C. §77t(d)(1)] and Exchange Act Section 21(d)(3) [15 U.S.C. §78u(d)(3)]. Defendant Rohner shall satisfy these obligations by paying $2,983,925.48 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Payment from Defendant Rohner shall be made by transmitting payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John P. Rohner as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

All funds obtained pursuant to this Final Judgment ("Disgorgement Fund") shall be retained by the Commission, in the Court's registry account, or other account utilized by the Receiver or distribution agent, distributed according to the final, approved, Receiver's Plan for Distribution of Disgorged Funds to which the Securities and Exchange Commission concurs. The Court shall retain jurisdiction over the administration of any distribution of the Disgorgement Fund.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, and civil penalties, by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED.**

DATED: <u>July 13, 2017.</u>

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**